## James Fike *vs.* The United States.

### *Error to Lee.*

The statute of this Territory for preventing writs of error from being brought after the expiration of a year from the rendition of judgment, applies to criminal as well as civil cases.

This was a motion to dismiss the writ of error, because it was not sued out until after the expiration of a year from the rendition of judgment and sentence of the plaintiff in error under a criminal prosecution.

PER CURIAM, MASON, CHIEF JUSTICE.—A motion is made to dismiss the writ of error in this case, because it was not sued out within a year from the rendition of the judgment below. The counsel for the plaintiff in error admits that if the act of the last session of the legislature, limiting the time for bringing writs of error, was intended to apply to criminal cases, the motion to dismiss must prevail. The only

enquiry, therefore, is to ascertain whether this statute was intended to be limited in its application to proceedings in civil cases.

The act regulating proceedings in criminal cases, commencing at section 76, provides for bringing writs of error in criminal cases, but fixes no limitation as to the time within which they may be brought. We are not aware that any antecedent statute had prescribed such limitation. No slight inconvenience would result to the public from allowing judgments of this kind to be disturbed after the lapse of an indefinite period from the time of their rendition.

The act of the last session, to which allusion is made above, appears from its title to be amendatory to an act regulating practice in the District Courts. Still its provisions, to a very great extent, relate to proceedings in the Supreme Court. The legislature did not use that precision which is sometimes observed in preserving a correspondence between the title and the substance of the act. The statute to which it is an amendment, related to proceedings in civil cases. Still there is in the amendatory act, a declaration fixing a limitation so broad, as apparently to embrace criminal as well as civil cases. It is possibly only another example of the inadvertance of the legislature, but to which, nevertheless, we feel bound to give full force and effect, as we cannot found our decisions on mere possibilities. We shall, therefore, sustain the motion to dismiss the writ of error.